# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 17, 2009

John Schruefer, Esq.
Seigel, Tully & Furrer
712 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Paul Schmidt v. Michael J. Astrue, Commissioner of Social Security, PWG-07-3325**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Schmidt's claim for Disability Insurance Benefits("DIB"). (Papers No. 7,12,18). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Paul Schmidt ("Claimant"), applied for DIB benefits on March 24, 2006, alleging that he was disabled due to Type II diabetes mellitus and diabetic retinopathy. (Tr. 23,72,81). Mr. Schmidt's claim was denied initially and upon reconsideration. (Tr. 33-35). After a hearing before the Honorable Harry H. Barr ("ALJ") on August 15, 2007, the ALJ denied Mr. Schmidt's claim and concluded in a decision dated August 31, 2007, that through the date he was last insured the claimant did not have an impairment or combination of impairments that significantly limited his ability to perform work related activities for 12 consecutive months. (Tr. 24) Accordingly, the ALJ found that he was not disabled.(Tr. 21-27). On October 23, 2007, the Appeals Council denied Mr. Schmidt's request for review, making his case ready for judicial review. (Tr. 4-7). Claimant presents two arguments in support of his contention that

the Commissioner's final decision is not supported by substantial evidence. For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence and is therefore legally correct, and must be affirmed.

First, Claimant argues that the ALJ erred at the second step of the sequential evaluation in failing to find Claimant had a severe impairment during the relevant time period.

After careful review of the entire record and the ALJ's decision I am not persuaded by Claimant's arguments.  In his decision the ALJ adequately discussed his rationale for finding that Claimant did not have an impairment or impairments that were severe prior to his date last insured i.e., September 2004. (Tr. 26).

In order to be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §404.1521(a).  An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th  Cir. 1984).  The severity determination is based on a review of the entire record. The Commissioner is required to consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately would be of such severity. 42 USC 1382C(A)(3)(g).  The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, Mr. Lee failed to meet his burden.  In support of his finding at step two, the ALJ adequately discussed all of the medical opinions in the record including those from Claimant's treating eye doctor, Dr. Doyle, and the opinions of the state agency reviewing physicians.  For example, the ALJ discussed Dr. Doyle's treatment notes for the relevant time period spanning from 2002 through 2004.  The ALJ noted that Doctor Doyle stated claimant's visual acuity was 20/30. The ALJ also discussed Dr. Doyle's report from 2006 wherein he indicated that Claimant could not perform heavy lifting or heavy work.  However the ALJ also noted that Dr. Doyle did not provide any limitations for fine gross visual acuity. (Tr. 25-27).  Therefore I find the ALJ's findings at step two are explained adequately and are supported by substantial evidence.

Mr. Schmidt also argues that the ALJ failed to assess his credibility appropriately. *See* Plaintiff's Memorandum, pp. 13-14. However, after review of the ALJ's decision and the entire record, I find the Claimant's arguments are without merit. The ALJ fully and

adequately explained his credibility determination. *See* SSR 96-7p.[1]
In determining Claimant's credibility and the impact that his
alleged impairments had on his ability to work as a carpenter, the
ALJ noted his testimony, including his statements that he was able
to drive except at night, underwent regular laser treatments with
Dr. Doyle, had experienced floaters in his eyes and that he did not
have a diagnosis of renal failure prior to 2006, 2 years after his
date last insured. (Tr. 26). However, the ALJ's inquiry did not end
there. The ALJ also considered Dr. Doyle's and Dr. Tann's findings.
(Tr. 23-24). The ALJ also explained in sufficient detail why he
found Claimant's subjective complaints less than wholly credible.
(Tr. Id.) In sum, these factors, coupled with Mr. Schmidt's
testimony regarding his activities[2], were appropriately considered[3],

---

[1] SSR 96-7p, in relevant part, states:
[4]. In determining the credibility of the individual's
statements the adjudicator must consider the entire case record,
including the objective medical evidence, **the individual's
statements about symptoms, statements and other information
provided by treating or examining physicians or psychologists or
other persons about symptoms with the rest of the relevant
evidence in the case record** in reaching a conclusion about the
credibility of the individual's statements if a disability
determination or decision that is fully favorable to the
individual cannot be made solely on the basis of objective
medical evidence.
5. It is not sufficient for the adjudicator to make a single,
conclusory statement that "the individuals allegations have been
considered or that the allegations are (or are not) credible." It
is also not enough for the adjudicator to simply recite the
factors that are described in the regulations for evaluating
symptoms. **The determination or decision must contain specific
reasons for the finding on credibility, supported by the evidence
in the case record and must be sufficiently specific to make
clear to the individual and to any subsequent reviewers the
weight the adjudicator gave to the individuals statements and the
reasons for that weight.** (1996 WL 374186 *1-*2) (emphasis added).


[2] Claimant testified that in 2004 he was a self employed
construction worker, he could drive except at night, and that had
eye problems and diabetes, but experienced no other health
problems. (Tr. 227-228).

[3] SSR 96-7p also provides: the adjudicator must consider
certain factors "in addition to the objective medical evidence

and they provide substantial support for the ALJ's conclusion.

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: _____9/17/09___                 ____/s/_____
                                       Paul W. Grimm
                                       United States Magistrate Judge

---

when assessing the credibility of an individuals statements":
Those factors include 1. The individual's daily activities; 2.
The location, duration, frequency, and intensity of the
individual's pain or other symptoms; 3. Factors that precipitate
and aggravate the symptoms; 4. The type, dosage, effectiveness,
and side effects of any medication the individual takes or has
taken to alleviate pain or other symptoms; 5. Treatment, other
than medication, the individual receives or has received for
relief of pain or other symptoms ; 6. Any measures other than
treatment the individual uses or has used to relieve pain or
other symptoms (e.g., lying flat on his or her back, standing for
15 to 20 minutes every hour, or sleeping on a board ); and  7.
Any other factors concerning the individuals functional
limitations and restrictions due to pain or other symptoms.

SSR 96-7p ( 1996 WL 374186, *2 (S.S.A.))